**Carol LEONARD, Respondent,**

v.

**Gary BARTIMUS, Appellant.**

No. 25513.

Kansas City Court of Appeals, Missouri.

Feb. 1, 1971.

Joseph A. Sherman, of Jackson & Sherman, Kansas City, for appellant.

E. J. Murphy, Butler, for respondent.

HOWARD, Judge.

Plaintiff sued for damages resulting from personal injuries caused in a one-car automobile accident, wherein she was a passenger and the defendant was the driver. A jury trial resulted in verdict for the defendant and the trial court sustained plaintiff's motion for new trial for the reason "That the verdict of the jury herein is against the weight of the credible evidence in this case." Defendant has appealed from this order granting a new trial. We shall refer to the parties as they appeared below.

The parties are in agreement that this case is governed by the principles many times expressed that the trial court has broad discretion to grant one new trial on the ground that the verdict is against the weight of the evidence. Such an order granting a new trial will not be disturbed on appeal unless it constitutes an abuse of discretion and such abuse is found only where the party to whom the new trial is granted (if a plaintiff) did not make a submissible case. Stated another way, the order will not be disturbed on appeal if there is substantial evidence which would have supported a verdict for the party to whom the new trial is granted. Defendant herein specifically contends that the order granting a new trial is erroneous because plaintiff did not make a submissible case. In considering this contention, we will view the evidence in the light most favorable to the plaintiff and we will dis-

turb the new trial order only if we find that the evidence would not have supported a verdict in favor of plaintiff. See, among the many cases, Graves v. Atchison, T. & S. F. Ry. Co., 360 Mo. 167, 227 S.W.2d 660; State ex rel. State Highway Commission v. Klipsch, Mo., 414 S.W.2d 783; Overbey v. Fodde, Mo., 420 S.W.2d 510; and Westinghouse Electric Supply Co. v. Binger, Mo.App., 212 S.W.2d 445.

Defendant's specific contention is that the evidence is all one way and conclusively shows that as he was proceeding around a curve (meeting a car) he pulled to the right of the pavement where his right wheels hit loose gravel which caused his car to skid (without negligence on his part) onto the soft shoulder of the road. He was unable to bring the car back on the road and it turned over in the ditch after striking several fence posts and snapping a telephone post. We have carefully examined the transcript and the evidence is not all one way on the question of whether or not gravel was present at the point where the car went off the road.

The investigating highway patrolman was called as a witness for plaintiff. He specifically and unequivocally stated that there was *no* gravel on the paved portion of the highway at the point in question. Pointed cross-examination on this matter failed to shake his testimony. His testimony from the physical evidence was that the right rear wheel of defendant's car dropped off the paved portion of the roadway first and that the car then skidded sideways, leaving sometimes two, and sometimes four, furrows (or ruts) in the soft shoulder and ditch, which lead up to the vehicle which he found laying on its right side. He found no evidence of skid marks on the paved portion of the roadway.

Another passenger in the vehicle, in describing the accident on cross-examination, and when asked about the presence of gravel, testified: "I don't know whether it was gravel or what it was, but I could feel the car being—I could feel it was going off the curve. Q. You could feel it was going to the right? Did you feel the rear end go around first? A. It seemed that way to me."

The defendant was called as a witness by plaintiff and on examination by plaintiff's counsel, in describing the accident stated: "I didn't let it drop off. It got in the loose gravel. There was about a foot of gravel on the hard surface." It was brought out that at the scene, the defendant described the accident to the investigating highway patrolman as follows: "Well, I got over a little too far and the shoulder was soft and I went off the bank and turned over." He did not mention gravel to the patrolman. It was further brought out that in a written statement given to the attorney for plaintiff prior to trial, defendant stated: "I was coming around a curve when I let the right front wheel of my car drop off the hard surface of the roadway." Later in the statement, he said: "I was just not paying close enough attention in my driving that day and I let the car run off the traveled portion of the road." On cross-examination (by his own attorney), defendant reiterated that he "felt the car hit gravel, start to slide in the gravel and then it went off onto the shoulder."

It was brought out that plaintiff told various of her treating physicians that she was injured when the car in which she was riding hit some loose gravel and turned over in the ditch. In her direct testimony at the trial, she testified: "I felt the car start sliding and that's the last I remember." On cross-examination she answered "I guess" to leading questions concerning gravel. When pressed as to the presence of gravel, she stated that she was "not really positive." On cross-examination concerning the car skidding on gravel, she testified: "That is what I thought happened. I was scared. I don't really know. * * * That is what Lonnie [the other passenger] and them said."

Under this state of the evidence, defendant's contention that the evidence

**582**

shows only a non-negligent skidding of defendant's car when it hit the loose gravel on the roadway is not tenable. There was ample evidence to support a finding that there was no gravel present at the point in question and that the car went off the roadway through the inattention of the driver, just as he had said prior to trial. In such state of the record, non-negligent skidding is not the only theory supported by the evidence. See Overbey v. Fodde, Mo., 420 S.W.2d 510. Furthermore, this argument, based on a contention of non-negligent skidding under the authorities cited by defendant, is no longer tenable in view of the Supreme Court pronouncement on this subject in Friederich v. Chamberlain, Mo., 458 S.W.2d 360, decided subsequent to the submission of the case at bar.

In such circumstances we hold that the evidence was amply sufficient to have sustained a verdict for plaintiff and that the trial court did not abuse its discretion in granting plaintiff a new trial. The order granting a new trial to plaintiff is therefore affirmed and the cause remanded.

All concur.