Lyle E. ELBEN, Respondent,

v.

ALLEN AUTO RENTAL & TRUCK LEASING, INC., Appellant.

No. KCD 27980.

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

Roy A. Larson, Kansas City, for appellant.

Allan J. Fanning, Kansas City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

This is a companion case to Evans v. Allen Auto Rental & Truck Leasing, Inc., Mo.App., KCD 27421, decided Aug. 26, 1976. In Evans, personal injuries were suffered by Evans while a passenger on a

motorcycle which was hit from the rear by a truck driven by Bruce Conrad and which had been leased to Conrad by Allen Auto Rental & Truck Leasing, Inc. This court affirmed recovery by Evans against both Conrad and Allen. The instant case arises out of the same accident and involves personal injuries suffered by Lyle E. Elben, the driver of the motorcycle on which Evans was the passenger.

On submission of this case, the jury returned a verdict of $75,000 against Conrad but found in favor of Allen. Pursuant to Elben's motion for new trial, the trial court did grant a new trial on the claim against Allen on the ground that the verdict in regard to that defendant was against the weight of the evidence. Allen appeals.

■ The fact that this is an appeal from an order granting a new trial puts this case in a posture in which the order will not be disturbed if there is substantial evidence which would have supported a verdict for Elben. *Overbey v. Fodde*, 420 S.W.2d 510, 511 (Mo.1967); *Leonard v. Bartimus*, 463 S.W.2d 579, 580–81 (Mo.App.1971). The trial court is "vested with an inherent and broad discretion in granting one new trial upon the ground the verdict and judgment are against the weight of the evidence. . . . And its ruling upon that ground will not be disturbed, except in case of manifest abuse." *Dawson v. Scherff*, 281 S.W.2d 825, 831 (Mo.1955); *Overbey v. Fodde, supra* at 511.

■ Plaintiff's theory here, as was that presented in *Evans*, rests on allegations that Allen was negligent in entrusting its truck to Conrad. Inasmuch as the entrustment here is exactly the same one as that involved in *Evans*, it is not surprising that the evidence in the record here is very much like that presented in *Evans*. We held that the evidence in *Evans* established a submissible showing that Conrad was a habitually negligent driver and that Allen had possession of facts sufficient to put it upon inquiry which would have readily disclosed Conrad's bad driving record.

Allen contends that the evidence in the present case falls short of the showing in

*Evans* in that plaintiff's evidence here fails to establish that Allen had sufficient facts in hand at the time of the leasing to put it on any further inquiry. A brief look at the record repels that conclusion.

The most telling evidence with regard to Allen's knowledge came from the testimony of defendant Conrad, whom plaintiff called as a witness, and from the testimony of Coleman Norris, who was Conrad's insurance agent during the period in question. Conrad testified that during his first trip to the Allen leasing agency, he talked to Mr. Robert Melody and, although Conrad could not remember the exact words, he informed Melody that the reason that he wanted to lease a car was because he had a bad driving record and that he wanted to drive a new car but could not afford the insurance. Conrad further testified that he told Melody that his license had once been revoked and that he had to carry an SR–22 insurance. On cross-examination, Conrad reiterated that he told Melody that he had had problems with his insurance; but he added that "I don't know whether I just brought it right out about my driving record or not." Allen did not call Melody as a witness.

The testimony of Norris, Conrad's insurance agent, complements the foregoing. Preliminary to his testimony, Helen Michaels, Allen's office manager, was called to the stand for the limited purpose of establishing that she had, on three separate occasions, talked to Norris on the phone. She testified that she talked to Norris regarding Conrad's insurance coverage twice before the accident in question, and once following. The first of these conversations was in April or May, 1971 (which coincides with the time of the first lease from Allen to Conrad), and the second occurred in June, 1972 (which coincides with the second lease from Allen to Conrad). After her testimony, Norris took the stand and testified that he recalled only one phone conversation with a lady from Allen, which he could not place as to time, and that Bruce Conrad's driving record was discussed. In that conversation, Norris said that Conrad "had a

pretty bad driving record, and it was brought up and we discussed it . . . . It may be that Bruce was on a hardship at that time, but I don't recall. He was either on a SR–22 or a hardship." Norris further testified that the fact that Conrad's license was, or had been, revoked was discussed.

The testimony just summarized makes a submissible case as to whether Allen had knowledge of sufficient facts to put it on further inquiry. Conrad had told Melody at the very least that he "had insurance problems." The application forms which Allen requested Conrad to fill out preliminary to the 1971 and 1972 leases both called for information as to Conrad's insurance agent, and Conrad both times did supply that information showing Norris as his agent. Michaels testified she spoke to Norris at times coinciding with each of those applications, and Norris said the conversation had to do with Conrad's "bad driving record." The jury could reasonably infer that this information was supplied to Allen's office manager Michaels at the time the two applications were under consideration. This alone, aside from other more minor elements of proof, sufficiently warranted submission to the jury on the issue of scienter. The evidence must be viewed in the light most favorable to the plaintiff-respondent. *Leonard v. Bartimus, supra; Overbey v. Fodde, supra.* So interpreted, this record contains sufficient evidence to conclude that Allen either knew of Conrad's habitual negligence, or knew of facts which put it on enquiry as to that habitual negligence. The difference in proof here from that in *Evans* is very marginal and lacks significance. The rules discussed in *Evans* control here. It cannot be said that the trial court abused its discretion in granting the plaintiff's motion for a new trial.

Affirmed.

All concur.