Arthur Daniel IRVING, Appellant,

v.

The STATE of Texas, Appellee.

No. 54675.

Court of Criminal Appeals of Texas, Panel No. 3.

May 17, 1978.

State's Motion for Rehearing En Banc Denied Nov. 29, 1978.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, James K. Johnson and David C. Schick, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. Punishment was assessed at twenty years.

Karen Hinton, an employee of McDonald's restaurant on Lemmon Avenue in Dallas, identified appellant as the person who held the gun when three men robbed the manager, Steven Webb, on March 28, 1974. Webb was unable to make a positive identification of appellant. The defense of alibi was raised by evidence presented by appellant and the court instructed the jury on the law relating to such defense.

Among other grounds of error advanced, appellant contends, "The prosecutor committed reversible error in arguing to the jury that it should rely upon his expertise in setting the punishment in this case, as said argument injected harmful, unsworn testimony before the jury and the personal opinion and knowledge of the prosecutor, and was not based upon the evidence in the case."

The record reflects the following occurred at the end of the State's closing argument at the punishment stage of the trial:

"The proper punishment in this case, *I ask you to rely upon my expertise in these matters*, rely upon the Texas Department of Corrections, on what the proper thing to do with this man is—

"MR. ELLIS [defense counsel]: Your Honor, we will object to that. To that argument on relying on his expertise, with respect to this matter.

"THE COURT: Overruled. Go ahead.

"MR. JOHNSON [prosecutor]: The only proper punishment in a case like this, and I am not talking about strong armed— strong-arming lunch money from some kind off of a playground, is forty-five years confinement in the Texas Department of Corrections." [Emphasis supplied.]

It is the duty of counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper. *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230; 56 Tex.Jur.2d, Trial, Section 271, p. 613.

There was no evidence of the prosecutor's expertise in the record. Such evidence would not have been admissible had it been offered.

In the recent case of *Hughes v. State*, Tex.Cr.App., 563 S.W.2d 581, complaint was made of a similar argument. There the prosecutor argued, "I know this, that out of the thirteen of us I am the more expert at assessing punishment for crimes and for assessing penalties . . . ." There we found, "The argument was clearly improper; however, the court's prompt instruction to disregard rendered the error harmless." As in *Hughes*, the argument is "clearly improper" but, unlike *Hughes*, the court herein overruled the objection and said, "Go ahead," whereupon the prosecutor argued that the "only proper punishment in a case like this—is forty-five years confinement."

Having determined that the complained-of argument was error, we next turn to the question of whether such error was so harmful as to require reversal. The State urges that since the prosecutor recommended forty-five years and the jury assessed twenty years, the argument had "no adverse effect on the minds of the jurors" and "no harm has been shown." The punishment range for aggravated robbery is life or for any term of not more than 99 years or less than five years. Appellant made a motion for probation, testified that he had never before been convicted of a felony, and the court charged the jury relative to it being in their discretion to place appellant on probation in the event that it did not fix punishment in excess of ten years. Counsel for appellant in his argument to the jury asked that punishment be probated.

Hardly a day passes but what our newspaper contains stories of numerous robberies in every city. In light of this alarming fact, it might be argued that one who is convicted of aggravated robbery cannot be heard to complain when punishment is assessed at twenty years. To accept this argument would be to lose sight of the fact that the Legislature has fixed the minimum punishment for this offense at five years. In addition, it is provided that one has never before been convicted of a felony is eligible for probation if punishment does not exceed ten years. In light of these facts, we are not left free to speculate that the error in the prosecutor's argument had no effect on the punishment assessed by the jury.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting opinion on State's motion for leave to file motion for rehearing.

A majority refuses to grant leave to file the State's motion for rehearing. On original submission, the cause was reversed because the prosecutor argued at the punishment stage of the trial the proper punishment in this case, "I ask you to rely upon my expertise in these matters. . . ." Counsel objected that the argument was

relying upon his expertise. The prosecutor then argued that the only proper punishment in the case was forty-five years. The jury paid little attention to the prosecutor and assessed the punishment at twenty years. The Court pointed out that if he got ten years it was possible he could have had probation.

One of the most important factors in determining whether the argument creates reversible error is in the effect it has on the jury. Hodge v. State, 488 S.W.2d 779 (Tex. Cr.App. 1972); Brown v. State, 475 S.W.2d 761 (Tex.Cr.App. 1972); and Myer v. State, 416 S.W.2d 415 (Tex.Cr.App. 1967).

It is inconceivable that the jury would deny a defendant probation or assess ten years extra in a case because the prosecutor said he had expertise or had experience in the trial of criminal cases.

Leave to file the motion for rehearing should be granted and the judgment should be affirmed.