**Freddie Lee HAYNES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–82–0666–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Discretionary Review Refused April 25, 1984.

Donald Dewberry, Bobbi Blackwell, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before DOYLE, WARREN and LEVY, JJ.

DOYLE, Justice.

This is an appeal from a conviction of attempted capital murder. A jury found appellant guilty and assessed punishment at 75 years confinement. The sufficiency of the evidence is not challenged.

The appellant was charged by a two-paragraph indictment with the felony offense of attempted capital murder. The State abandoned the first paragraph of the indictment and tried appellant on the second paragraph which alleged S.L. Oliver as the complainant. By a cumulation order, the court assessed the 50 year sentence formerly given appellant in a prior trial in this same court, to begin after the 75 year sentence.

We shall discuss appellant's ninth and twelfth grounds of error which we deem dispositive of this case.

■ Appellant's third ground of error presents a constitutional issue. He contends that the trial court erred in allowing proof of prior convictions which were constitutionally void over appellant's timely objections. We do not reach the constitutional issue as this appeal may be disposed of on other grounds.

■ In appellant's ninth and twelfth grounds of error, he contends that the prosecutor improperly injected his personal opinion as to undisclosed prior misconduct of appellant. Appellant argues that this constitutes reversible error.

Twice in his closing argument, the prosecutor refers to prior misconduct of appellant, not in evidence. During the prosecutor's closing argument at the guilt/innocence stage, he stated the following:

Once again, he wouldn't accept responsibility for his actions. Prior convictions, which I have already talked about, four in evidence. *That's just charges where there has been a final conviction rendered.* (Emphasis added)

Mr. Dewberry: Object to that same attempt to get before the jury an indication that there are other charges that he did not bring before them.

The Court: Overruled.

During the State's closing argument at the punishment stage the prosecution made the following argument:

And that's it, Ladies and Gentlemen. That's it. Those are the only mitigating circumstances I can think of, if you want to consider them. Now, I am not going to stand here and tell you what kind of penalty you ought to assess in this case. But quite frankly, I know that the maximum is appropriate in this case. As I said, he is a dangerous criminal. He needs to be taken out of society. I will leave it to your discretion. I will ask you this—*but I can't tell you why—don't under any circumstances assess a penalty of*

*less than* twenty-five years and one day. (Emphasis added)

Mr. Dewberry: Objection to that statement to indicate that he has some type of personal knowledge—"I'm going to tell you this, but I am not going to tell you why."

The Court: Overrule the objection.

These arguments are improper. A prosecutor may not imply that he has some personal knowledge of other convictions or crimes, not before the jury. *Jackson v. State,* 529 S.W.2d 544 (Tex.Cr.App.1975), *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973).

■ This type of argument is outside the scope of proper jury argument set out in *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App. 1980).

The probability of irreparable harm and prejudice to the defendant arose because the court, by overruling appellant's objection, further strengthened the State's plea for a maximum sentence. The State, in effect, told the jury to punish appellant for crimes not in evidence. Under *Irving v. State,* 573 S.W.2d 5 (Tex.Cr.App.1978) or *Jackson, supra,* the overruling of appellant's objection to this type of argument constitutes reversible error. Appellant's ninth and twelfth grounds of error are sustained.

By the time that this case had come to its tumultuous close, the record was saturated with bickerings and sharp exchanges between the court and defense counsel and between defense counsel and the prosecutor, both in and out of the presence of the jury. In the light of such an atmosphere and the record of the entire case, it is difficult to agree with the State's contention that the complained of errors were harmless, especially in view of the facts that appellant's objections were overruled in the presence of the jury. The court stated in *Irving, supra:* "... we are not left free to speculate that the error in the prosecution's argument had no effect on the punishment assessed by the jury." *Irving,* 573 S.W.2d at 6.

In view of our disposition of the foregoing grounds of error discussed, we do not consider appellant's *remaining grounds.*

The judgment of the trial court is reversed and the case remanded for a new trial.