TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00129-CR







Anthony Paul Davis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,605, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of two counts of aggravated sexual assault. Act of
May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of
July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann.
§ 22.021, since amended). The jury assessed punishment at imprisonment for ten years on count
one and at imprisonment for twelve years on count two.

 The complainant testified that appellant sexually assaulted her on two occasions in
February and March 1994, when she was twelve years old. The first adult to whom the victim
disclosed the assaults was Tawnya Smith, a neighbor with whom appellant had lived and in whose
apartment the assaults took place. Smith testified to the victim's outcry pursuant to the statutory
hearsay exception for statements by child sexual abuse victims. Tex. Code Crim. Proc. Ann. art.
38.072, § 2 (West Supp. 1995). In his first point of error, appellant contends the district court
abused its discretion by finding that the victim's outcry statement to Smith was reliable. Art.
38.072, § 2(b)(2).

 Before admitting a child victim's outcry statement, the trial court must conduct a
hearing outside the jury's presence to determine whether it is reliable based on the time, content,
and circumstances of the statement. Id. Among the factors that may be considered in making this
determination are: whether the victim testifies and confirms making the statement; the child's
understanding of the need to tell the truth and ability to recall events; whether the statement is
consistent with or corroborated by other evidence in the case; whether the outcry statement was
spontaneous or prompted by adults; the clarity of the statement; whether the child had the motive
and ability to fabricate. Norris v. State, 788 S.W.2d 65, 71 (Tex. App.--Dallas 1990, pet. ref'd). 

 The complainant made her outcry to Smith on May 30, 1994, approximately three
months after the second assault. During this time, she began having trouble in school. Both her
mother and the school counselor questioned the complainant about possible sexual abuse, but she
denied it. The complainant explained that she did not disclose the assaults to the counselor, her
mother, or another member of her family because she was embarrassed and because her mother
had health problems. Smith testified that she spoke to the complainant after the child's mother
told Smith that she feared her daughter had been abused. Smith said, "She sort of wanted to say
something, but then she wouldn't so I just kept talking to her until she said everything." 
According to Smith, the victim spoke freely, without prompting. Smith said she had no idea that
appellant had sexually assaulted the complainant until she was told by the child. The
complainant's descriptions of the assaults to Smith were consistent with her trial testimony.

 Considering the time, content, and relevant circumstances of the complainant's
outcry statement to Smith, the district court's finding that the statement was reliable was not an
abuse of discretion. Point of error one is overruled.

 Point of error two concerns the State's cross-examination of a defense character
witness. Army sergeant Christopher Oertwig testified that he had known and worked with
appellant at Fort Hood for one year and that his reputation in the military community "as a good
and decent person" was good. During cross-examination, Oertwig was asked "have you heard"
questions regarding military prosecutions of appellant. In addition, the prosecutor asked the
witness, "Have you heard that [appellant] and the Mr. Terry who just previously testified were
charged with aggravated robbery." Appellant objected that the prosecutor "is trying to discredit
the last witness with this evidence." Appellant contends the court erred by overruling this
objection.

 The previous defense witness to whom the prosecutor referred was Oliver Terry. 
Terry testified that Smith told him that "she was going to get Anthony back and everything like
that." Terry acknowledged during cross-examination that he was awaiting trial for aggravated
robbery and that appellant "has been granted immunity by the prosecution . . . to testify on
[Terry's] behalf."

 Appellant contends it was error to permit the prosecutor to question Oertwig about
the charges pending against Terry, since this matter was irrelevant to Oertwig's testimony and
instead tended to impeach a different witness, Terry. We are satisfied, however, that any error
was harmless. Tex. R. App. P. 81(b)(2). That Terry was charged with aggravated robbery was
a fact known to the jury as a result of Terry's cross-examination. The prosecutor's single
reference to that matter during his cross-examination of Oertwig, if error, did not contribute to
the verdict. Point of error two is overruled.

 Next, appellant complains of the prosecutor's argument at the punishment stage:



Why do we have to continually put up with this, put up with that, in the sense that
the weakness, the watered down apologetic-type of law enforcement that [defense
counsel] appears to be asking you for?


 Classic example says you need to start with probation in mind. There is
nowhere in here that it says that, but certainly that is what the Defense lawyer
wants you to do. Start from a position of weakness. Join him in this pity party for
this poor misguided soul whose seeds just needs a little water. I ain't buying that,
folks. You are not selling that here. I would rather rely on his captain, for
example.



The district court overruled appellant's objection that the prosecutor's "opinion is not proper
argument."

 It is improper for the prosecutor to argue that the jury should follow his punishment
recommendation because he has special expertise. Irving v. State, 573 S.W.2d 5, 6 (Tex. Crim.
App. 1978). It is also improper for the prosecutor to personally vouch for the credibility of a
witness during argument. Menefee v. State, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981). In
this cause, the prosecutor was guilty of neither of these sins. Instead, the prosecutor merely
responded to defense counsel's request for probation by reminding the jury of the testimony of
appellant's military superior, who testified to appellant's poor disciplinary record and expressed
the view that appellant was not a good candidate for probation. The court did not err by
overruling appellant's objection. Point of error three is overruled.

 Appellant's final contention is that he was not effectively represented by counsel
at trial. To prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant
must show that counsel made such serious errors that he was not functioning effectively as counsel
and that these errors prejudiced the appellant's defense to such a degree that he was deprived of
a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). The test for
effectiveness of counsel at the punishment stage of a noncapital trial is whether counsel was
reasonably likely to render and rendered effective assistance. Ex parte Craig, 825 S.W.2d 128,
130 (Tex. Crim. App. 1987); Ex parte Cruz, 739 S.W.2d 53, 57-58 (Tex. Crim. App. 1987). 
In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).

 Appellant first urges that trial counsel was ineffective because he did not object to
hearsay testimony by Dr. Kevin Kleinschmidt, a doctor who conducted a physical examination
of the complainant. Kleinschmidt testified that the complainant told him that a man named
Anthony forced her to have sexual intercourse and oral sex. Appellant contends this testimony
was not admissible under the outcry exception because the doctor was not the first adult to whom
the complainant described the incidents. While this is true, the testimony was nevertheless
admissible under the hearsay exception for statements made for the purpose of medical diagnosis
and treatment. Fleming v. State, 819 S.W.2d 237, 247 (Tex. App.--Austin 1991, pet. ref'd); Tex.
R. Crim. Evid. 803(4). Counsel was not ineffective for failing to object to unobjectionable
testimony.

 Next, appellant complains that his attorney did not object when two witnesses
testified that the complainant was truthful. Nurse Wendy Hookness, who assisted the physical
examination of the complainant, testified that the complainant's demeanor was similar to that of
sexually abused children the nurse had dealt with in the past. On cross-examination, Hookness
characterized herself as a patient advocate and acknowledged that she assumed that patients are
truthful. On redirect, she was asked without objection, "Was there anything in the triage, your
questioning of [the victim], the examination, the discussion, anything that led you to believe that
[the victim] was telling anything but the absolute truth." She answered, "No, sir."

 Clinical social worker Dianne Campbell described the symptoms of rape-trauma
syndrome. She testified that the complainant, who she had been counseling, exhibited these
symptoms. During cross-examination, Campbell said there is no "absolute truth test" and that she
did not "know for a fact" that the victim's accusations against appellant were true. On redirect,
Campbell was asked without objection, "Do you have an opinion as to whether or not [the
complainant] is telling the truth?" Campbell said she did. Asked without objection if she believed
the complainant was telling the truth, Campbell replied, "I believe so."

 While it is permissible for an expert to testify that a child exhibits the symptoms
of child sexual abuse syndrome, an expert may not express an opinion as to whether the
complaining witness is truthful. Yount v. State, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993);
Duckett v. State, 797 S.W.2d 906, 917, 920 (Tex. Crim. App. 1990). Thus, considered alone,
the prosecutor's questions to Hookness and Campbell soliciting their opinions of the complainant's
veracity were objectionable. On the other hand, it is apparent from the record that defense
counsel's trial strategy was to attack the credibility of the accusations against appellant by
suggesting that they were the result of prior acts of abuse suffered by the complainant when she
was younger. It was in this context that the subject of the complainant's truthfulness was first
broached to both witnesses by defense counsel and later pursued by the prosecutor in the questions
quoted above. We will not second-guess trial strategy on appeal, nor will we characterize an
attorney as ineffective on the basis of isolated questions taken out of context.

 Appellant further contends that counsel was ineffective because he failed to obtain
an adverse ruling after successful objections. When the complainant's mother testified that she
knew her daughter was telling the truth, appellant's bolstering objection was sustained but he did
not request an instruction to disregard. Defense counsel also objected to two remarks made by
the prosecutor during jury argument at the punishment stage. On each occasion, the objection was
sustained but counsel requested no further relief. The court, however, gave the jury cautionary
instructions on its own motion. We do not find counsel's failure to pursue these three objections
to an adverse ruling to be persuasive evidence of ineffectiveness.

 Finally, appellant asserts that during his cross-examination of the State's character
witnesses at the punishment stage, defense counsel adduced the details of military charges brought
against appellant, including one assault against another soldier, and solicited the opinion that
appellant has no "rehabilitative potential." There is no evidence concerning counsel's reasons for
cross-examining the witnesses as he did. This was, however, a matter of trial strategy to which
we must ordinarily defer. We also note that the punishment assessed, while not the probated
sentence sought by appellant, was relatively lenient, suggesting that counsel's strategy at the
punishment stage had some positive effect. 

 Considering defense counsel's performance as a whole, appellant has failed to
prove that counsel's performance at the guilt stage was outside the wide range of reasonable
professional assistance. Appellant has also failed to demonstrate that counsel did not render
reasonably effective counsel at the punishment stage. Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 25, 1995

Do Not Publish




testified that the complainant was truthful. Nurse Wendy Hookness, who assisted the physical
examination of the complainant, testified that the complainant's demeanor was similar to that of
sexually abused children the nurse had dealt with in the past. On cross-examination, Hookness
characterized herself as a patient advocate and acknowledged that she assumed that patients are
truthful. On redirect, she was asked without objection, "Was there anything in the triage, your
questioning of [the victim], the examination, the discussion, anything that led you to believe that
[the victim] was telling anything but the absolute truth." She answered, "No, sir."

 Clinical social worker Dianne Campbell described the symptoms of rape-trauma
syndrome. She testified that the complainant, who she had been counseling, exhibited these
symptoms. During cross-examination, Campbell said there is no "absolute truth test" and that she
did not "know for a fact" that the victim's accusations against appellant were true. On redirect,
Campbell was asked without objection, "Do you have an opinion as to whether or not [the
complainant] is telling the truth?" Campbell said she did. Asked without objection if she believed
the complainant was telling the truth, Campbell replied, "I believe so."

 While it is permissible for an expert to testify that a child exhibits the symptoms
of child sexual abuse syndrome, an expert may not express an opinion as to whether the
complaining witness is truthful. Yount v. State, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993);
Duckett v. State, 797 S.W.2d 906, 917, 920 (Tex. Crim. App. 1990). Thus, considered alone,
the prosecutor's questions to Hookness and Campbell soliciting their opinions of the complainant's
veracity were objectionable. On the other hand, it is apparent from the record that defense
counsel's trial strategy was to attack the credibility of the accusations against appellant by
suggesting that they were the result of prior acts of abuse suffered by the complainant when she
was younger. It was in this context that the subject of the complainant's truthfulness was first
broached to both witnesses by defense counsel and later pursued by the prosecutor in the questions
quoted above. We will not second-guess trial strategy on appeal, nor will we characterize an
attorney as ineffective on the basis of isolated questions taken out of context.

 Appellant further contends that counsel was ineffective because he failed to obtain
an adverse ruling after successful objections. When the complainant's mother testified that she
knew her daughter was telling the truth, appellant's bolstering objection was sustained but he did
not request an instruction to disregard. Defense counsel also objected to two remarks made by
the prosecutor during jury argument at the punishment stage. On each occasion, the objection was
sustained but counsel requested no further relief. The court, however, gave the jury cautionary
instructions on its own motion. We do not find counsel's failure to pursue these three objections
to an adverse ruling to be persuasive evidence of ineffectiveness.

 Finally, appellant asserts that during his cross-examination of the State's character
witnesses at the punishment stage, defense counsel adduced the details of military charges brought
against appellant, inc