

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00014-CR

TONNY EZERNACK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 18F1224-202

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Tonny Ezernack pled guilty to and was convicted of the continuous sexual abuse of a child younger than fourteen. *See* TEX. PENAL CODE ANN. § 21.02. After a punishment trial, a Bowie County jury sentenced Ezernack to imprisonment for life and assessed a $10,000.00 fine.

On appeal, Ezernack argues that his counsel rendered ineffective assistance by failing to object to the State's improper closing argument. We conclude that the silent record does not support Ezernack's claim of ineffective assistance of counsel. We therefore affirm the trial court's judgment.

## I.      Standard of Review

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). To prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

The first prong requires a showing "that counsel's performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As a result, the Texas Court of Criminal Appeals

has said, "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being'" found ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

When an appellate record is silent on why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). This is because allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). When a party raises an ineffective assistance of counsel claim for the first time on direct appeal, the defendant must show that "under prevailing professional norms," *Strickland*, 466 U.S. at 688, no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

## II.     Ezernack Cannot Meet His Burden With this Silent Record

During closing argument, the State said, "In my term as a prosecutor, I haven't seen a case that deserved a life sentence any more than this one, and I ask that you give him a life sentence." Ezernack argues that counsel rendered ineffective assistance by failing to object to this statement as improper.

We begin with the premise that the State's statement was improper. "Permissible jury argument falls into one of four categories: '(1) summation of the evidence, (2) reasonable deduction from the evidence, (3) an answer to the argument of opposing counsel, and (4) plea for law enforcement.'" *Kelly v. State*, 463 S.W.3d 256, 268 (Tex. App.—Texarkana 2015, no pet.)

3

(quoting *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)). "For a prosecutor to argue outside the record and inject personal opinion is improper." *Boyd v. State*, 643 S.W.2d 700, 706 (Tex. Crim. App. [Panel Op.] 1982); *see Johnson v. State*, 698 S.W.2d 154, 167 (Tex. Crim. App. 1985) ("The implication of special expertise coupled with an implied appeal to the jury to rely on that expertise in deciding the contested issues before it is improper."), *superseded on other grounds by Mayes v. State*, 816 S.W.2d 79 (Tex. Crim. App. 1991); *Irving v. State*, 573 S.W.2d 5, 6 (Tex. Crim. App. [Panel Op.] 1978) (finding improper the following argument: "The proper punishment in this case, I ask you to rely upon my expertise in these matters, rely upon the Texas Department of Corrections, on what the proper thing to do with this man is . . . forty-five years['] confinement.").

"Even [where] the State's argument [i]s improper, that does not inexorably lead to the conclusion that trial counsel was deficient for not objecting because counsel may have had a strategic reason for not doing so." *Ex parte Scott*, 541 S.W.3d 104, 120 (Tex. Crim. App. 2017) (orig. proceeding). Because the record is silent on counsel's reasoning for failing to object to the State's statement, we next determine whether the failure to object was conduct "of a type that no reasonably competent defense attorney would have engaged in for any reason." *Mata*, 226 S.W.3d at 428–29.

The trial court specifically instructed the jurors "that what the lawyers say is not evidence."[1] We have held before that even in the face of the State's "patently improper" closing

---

[1]The jury was also instructed that (1) in fixing Ezernack's punishment, it could "take into consideration all the facts and evidence admitted," (2) it could "not consider, discuss, nor relate any matters not in evidence," (3) it could not consider "personal knowledge or information . . . about any fact . . . which [was] not shown by the evidence," and

4

arguments, a silent record will not support a claim of ineffective assistance for failing to object since a reasonable trial strategy can include "not wish[ing] to draw further emphasis to the State's improper remark by lodging a contemporaneous objection, especially in light of the trial court's written instruction that the jury was to consider only the evidence that was properly admitted by the trial court." *Bryant v. State*, 282 S.W.3d 156, 173 (Tex. App.—Texarkana 2009, pet. ref'd) (citing *Dickerson v. State*, 87 S.W.3d 632, 638–39 (Tex. App.—San Antonio 2002, no pet.) ("silent record would not support finding of ineffective assistance regarding prosecutor's patently improper closing remarks where defendant had opportunity to develop ineffective assistance claims in motion for new trial but failed to do so")); *see Scott*, 541 S.W.3d at 120. Relying on *Bryant*, we find that Ezernack cannot meet his burden to demonstrate counsel's ineffectiveness on this silent record.

We overrule Ezernack's sole point of error.

## III. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     August 21, 2019
Date Decided:       August 22, 2019

Do Not Publish

---

(4) it would not be proper to render a verdict by any method other than by the free exercise of "opinions of the individual jurors under the evidence admitted before [them]."

5