David ROMO, Appellant,

v.

The STATE of Texas, Appellee.

No. 58905.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 30, 1980.

Walter Splawn, Austin, for Beltran.

Eric R. Borsheim, Austin, for Romo.

Ronald D. Earle, Dist. Atty., and Don Keith and Bill White, Asst. Dist. Attys., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for arson. V.T.C.A. Penal Code, Sec. 28.02. After finding appellant guilty,[1] the jury assessed punishment at ten years.

In his fourth ground of error, appellant challenges the sufficiency of the evidence. He maintains that the evidence is insufficient to prove that he set a fire. The State relied on circumstantial evidence to prove that appellant started a fire.

Prior to the instant offense, appellant had been incarcerated in the Travis County Jail. On the morning of January 18, 1977, appellant and several other prisoners were transferred from the Travis County Jail to the Austin City Jail. Appellant was assigned to Cell 1 of Cell Block Number 7.

Steve Geron, a city jailer, testified that he arrived for duty at the jail at 3:00 p. m. Geron related that many of the prisoners were voicing loud complaints about the condition of the jail. Lt. Lowell Morgan, of the Austin Police Department, testified that at 6:40 p. m. he observed appellant and three other prisoners walk in unison from the day room to their cells. Approximately 30 seconds after appellant entered his cell, Morgan saw a large wad of flaming toilet paper fly from appellant's cell. Immediately thereafter, burning wads of toilet paper were tossed from three other cells. Blankets were then tossed out of various cells toward the area where the paper had been thrown.

Sammy Russell, a jailer, related that he also observed the burning material fly from the individual cells. He stated that appellant and three other prisoners left their cells, took the blankets and began pushing the flaming wads into a pile. He saw appellant holding blankets over the foot high blaze in an effort to ignite them. Russell stated that as he attempted to deal with the fire, appellant threw parts of a television set at him.

A. R. Spillar testified that he was a Fire and Arson Investigator for the City of Austin Fire Department. Spillar stated that he inspected the damage caused by the fire at the jail. He testified that spontaneous combustion is not possible with paper products.

A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *Schershel v. State*, Tex. Cr.App., 575 S.W.2d 548; *Bryant v. State*, Tex.Cr.App., 574 S.W.2d 109. Thus, proof which amounts only to a strong suspicion or mere probability is insufficient. *Ford v. State*, Tex.Cr.App., 571 S.W.2d 924. However, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Earnhart v. State*, Tex.Cr.App., 575 S.W.2d 551.

Appellant relies on *Bussey v. State*, Tex. Cr.App., 474 S.W.2d 708. In that case, the Court found the evidence insufficient to support an arson conviction when no one

---

1. Appellant was jointly indicted and tried with Raymond Beltran under the provisions of Art. 36.09, V.A.C.C.P. See, *Beltran v. State*, 593 S.W.2d 688 (this day decided.)

saw the defendant start the fire and the State made no effort to negate the possibility that the fire started from some cause other than being designedly set. Likewise, in *Adrian v. State*, Tex.Cr.App., 587 S.W.2d 733, we found the evidence to be insufficient to support the arson conviction when apart from the defendant's confession, there was no evidence that the fire was intentionally set.

■ In the instant case, Spillar's testimony negated the possibility that the toilet paper was set afire by some cause other than being designedly set. Furthermore, the evidence established that shortly after appellant entered his individual cell, a flaming wad of paper was thrown therefrom. We find the evidence sufficient to exclude every other reasonable hypothesis except that of appellant's guilt in intentionally setting a fire within the jail.

Appellant further challenges the sufficiency of the evidence to prove an element of the offense. He maintains that the evidence is insufficient to show an intent to damage or destroy a building.

Sec. 28.02, supra, provides in pertinent part:

"(a) A person commits an offense [arson] if he starts a fire or causes an explosion:

"(1) without the effective consent of the owner and *with intent to destroy or damage the owner's building* or habitation." [Emphasis added.]

■ Thus, the statute requires that appellant acted with the specific intent to damage or destroy the building. A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. V.T.C.A. Penal Code, Sec. 6.03(a). Intent can be inferred from the acts, words and conduct of the accused, though in an arson case it cannot be inferred from the mere act of burning. *Miller v. State*, Tex.Cr.App., 566 S.W.2d 614.

■ The evidence shows that appellant attempted to enlarge the fire by adding a blanket to it. He attempted to prevent efforts by jail personnel to extinguish the blaze. We find that the evidence is sufficient to establish that appellant intended to damage or destroy the building.

■ Appellant places great emphasis on the fact that the building was constructed of nonflammable materials. He argues that intent to damage or destroy cannot be inferred unless the building is made of flammable materials. Appellant overlooks the fact that the statute reads "*damage* or destroy" [Emphasis added]. Material need not be combustible to be damaged by fire. A fire may produce scorching and smoke damage without igniting the surrounding materials. Furthermore, the Legislature removed the requirement under prior law that the building be ignited in fact. The present statute makes the offense complete whenever the actor starts a fire with the requisite culpable mental state, whether or not damage of any kind actually occurs. See, Searcy and Patterson, Practice Commentary, Sec. 28.02, supra.

In his first ground of error, appellant contends that the trial court erred in denying his motion to quash the indictment. He maintains that the motion should have been granted in that the indictment failed to allege the implied culpable mental state that the fire was intentionally or knowingly started. He further contends that the indictment should have been quashed in that it failed to allege facts showing that the fire started was capable of being communicated to the building. Appellant does not contend that the indictment is fundamentally defective.

The indictment in the instant case alleges in pertinent part that appellant and three other parties:

"did then and there start a fire with the intent to damage and destroy a building without the effective consent of Lt. L. Morgan, the owner thereof, . . ."

The motion to quash the indictment filed by appellant alleges the following:

"The indictment in this case does not specifically and particularly allege an of-

fense against the penal laws of the State of Texas and does not state an offense by direct and positive averments.

"The indictment contains no description or address of the building allegedly burned, so that the Defendant has no notice of what acts he must defend against. From the indictment, the Defendant has not sufficient knowledge or notice of the alleged offense so that he may prepare a defense."

The alleged deficiencies in the indictment advanced in this ground of error were not mentioned in the motion to quash, nor, were they called to the trial court's attention during the pre-trial hearing. Appellant is precluded from raising these contentions for the first time on appeal. See, *Livingston v. State*, Tex.Cr.App., 542 S.W.2d 655; *Burrell v. State*, Tex.Cr.App., 526 S.W.2d 799. Nothing is presented for review.

In his second ground of error, appellant contends that the trial court erred in denying his motion for a mistrial with regard to improper jury argument. He maintains that the complained of argument was outside the record and injected the prosecutor's personal opinion into the case.

Prior to the complained of argument, the prosecutor stated:

"What you're going to have to do is you're going to have to think: What is this worth: What will deter other prisoners from doing the same sort of thing, and what will keep them in the penitentiary long enough to keep them off the street and out of our jails? And that's what we need. We don't need them tearing up jails; we don't need them tearing up the penitentiary, but there's no other place for them. And I would hate to think about them being on the street. They have no regard for property. They have no regard for life. They have no regard for the rules. They have no regard for criminal law. They have no regard for any of you.

"In closing I would like to ask the jury to assess a punishment of 20 years, the maximum, in the Texas Department of Corrections. . . ."

The prosecutor then made the following statement of which appellant complains:

". . . I have never asked a jury before for maximum punishment."

The court sustained appellant's objection and instructed the jury to disregard the statement. Prosecutorial argument which is outside the record and injects personal opinion is improper. In *Irving v. State*, Tex.Cr.App., 573 S.W.2d 5, we reversed the conviction when the trial court overruled the defendant's objection to the following statement by the prosecutor during final argument: "I ask you to rely on my expertise in these matters . . ." However, in *Hughes v. State*, Tex.Cr.App., 563 S.W.2d 581, we found the trial court's instruction to disregard to render harmless the following statement made by the prosecutor: "I know this, that out of the thirteen of us, I am the more expert at assessing punishment for crimes . . ."

In the instant case, the complained of statement did not suggest that the jury should follow the prosecutor's recommendation because he was an expert in the field of sentencing. The prosecutor's argument was outside the record. We find that the court's prompt instruction to disregard rendered the error harmless. No error is shown in the court's denial of appellant's motion for mistrial.

In his third ground of error, appellant contends that the trial court erred in allowing three witnesses to give their opinion that appellant's reputation as a peaceful and law-abiding citizen was bad. He maintains that these witnesses were not qualified to give their opinions due to the fact that they had not discussed appellant's reputation generally, but rather, had discussed with others specific acts of misconduct by appellant.

Captain Warren Falin, Travis County Corrections Manager, testified that his opinion was based on discussions of specific acts of misconduct with others. Lt. Margo Frazier, of the Travis County Sheriff's Department, testified that her opinion was

based on discussions she had with other officers of specific acts of misconduct by appellant. Officer Ron Blackmore, of the Austin Police Department, testified that his opinion was based on discussions of specific acts of misconduct with other officers and informants. Each witness stated that his or her opinion was not based upon merely discussing the allegations of the instant offense with others.

■ It is not improper for a witness to discuss specific acts with other persons as a basis for determining what a defendant's reputation is in the community. *Stephens v. State*, Tex.Cr.App., 522 S.W.2d 924; *Crawford v. State*, Tex.Cr.App., 480 S.W.2d 724. We find appellant's contention that such opinion testimony must be based upon a discussion of the defendant's "reputation generally" to be without merit. No error is shown in allowing the witness to testify. Appellant's third ground of error is overruled.

In his fifth ground of error, appellant maintains that the court erred in refusing to submit his specially requested charge on circumstantial evidence. He contends that such a charge was necessary in that there was no direct evidence that he ignited one of the wads of toilet paper.

Russell testified that after appellant and the three other prisoners returned to their individual cells, flaming wads of toilet paper were thrown into the hall. Morgan stated that appellant's individual cell was Number 1. Morgan testified that he saw a wad of flaming paper fly from appellant's cell approximately 30 seconds after appellant was observed entering his cell. Appellant was observed attempting to ignite blankets in the fire. Russell stated that appellant attempted to keep him from extinguishing the fire.

■ A charge on circumstantial evidence is required only when the evidence of the main fact essential to guilt is purely and entirely circumstantial. *Ransonette v. State*, Tex.Cr.App., 550 S.W.2d 36. However, when the facts are in such close relationship to the main fact to be proved as to

be the equivalent of direct testimony, a charge on circumstantial evidence is not required. *Newton v. State*, Tex.Cr.App., 509 S.W.2d 610; *Oltiveros v. State*, Tex.Cr. App., 474 S.W.2d 221.

In *Ales v. State*, Tex.Cr.App., 587 S.W.2d 686, we concluded that the facts proven were in such close relationship as to be the equivalent of direct evidence of the main fact to be proved. In the case, no one saw the appellant inflict the injuries which brought about the death of his child. However, the appellant's wife testified that she was told to leave a room in order for the appellant to punish the child with a paddle. The next morning the witness observed that the child had severe head injuries. It was also proven that the paddle was broken on the night the child was punished.

■ In the instant case, there was no direct evidence that appellant started a fire. He was observed entering his individual cell. Approximately 30 seconds later, a flaming wad of toilet paper was thrown from the cell. We conclude that the facts proven concerning appellant's act in igniting one of the wads were in such close relationship as to be the equivalent of direct evidence. We find that the trial court did not err in refusing to submit appellant's requested charge on circumstantial evidence. No error is shown.

In his sixth ground of error, appellant contends that the trial court erred in refusing to submit his specially requested charge on the offense of criminal mischief under V.T.C.A. Penal Code, Sec. 28.03(a)(1). He maintains that he was entitled to a charge on Class A misdemeanor criminal mischief by virtue of his stipulation that the value of the property destroyed in the fire was $120.00. See, Sec. 28.03(b)(3).

Generally, the penalty attached to the offense of criminal mischief depends on the amount of pecuniary loss suffered by the property owner as a result of the defendant's criminal act. However, under certain circumstances, regardless of the amount of the pecuniary loss, the offense is a felony of the third degree. One of the circumstances under which the offense of criminal mis-

chief is a felony of the third degree regardless of the amount of the loss is when the actor's conduct causes impairment or interruption of a public service. See, Sec. 28.-03(b)(4)(B).

In submitting the charge to the jury, the court charged on the offense of criminal mischief. The theory of criminal mischief submitted was that appellant's acts caused "impairment or interruption of a public service, to-wit: jail facilities for city or county prisoners."

At trial, appellant stipulated that as a result of the fire, several police officers had to be relieved of their regular duties and report to the jail. Undisputed evidence at trial showed that appellant's acts totally disrupted the normal operation of the Austin City Jail.

We find that in view of the evidence at trial, appellant's acts constituted the impairment and interruption of a public service within the meaning of Sec. 28.03 (b)(4)(B), supra. Therefore, regardless of the amount of pecuniary loss, appellant was not entitled to a charge on misdemeanor criminal mischief. No error is shown in the trial court's refusal to submit appellant's requested charge on misdemeanor criminal mischief. Appellant's sixth ground of error is overruled.

The judgment is affirmed.