Affirmed and Opinion filed December 5, 2002









Affirmed and Opinion filed December 5, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00052-CV

____________

 

 

IN THE MATTER OF C.S.B.

 

 



 

On Appeal from the County Court at Law No.
3

Galveston County, Texas

Trial Court Cause No. 01JV0361

 



 

O P I N I O N

Appellant, a juvenile, set fire to a toilet paper dispenser
in the boys= bathroom at Ball High School in
Galveston.  He was charged by petition of
delinquency with arson; he entered a plea of not guilty.  A jury convicted appellant and the trial
court placed appellant with the Texas Youth Commission for an indeterminate
period until he reaches 21 years of age. 
On appeal, appellant contends the State failed to introduce legally and
factually sufficient evidence to support the jury=s verdict.  We affirm.








Appellant contends the State had the burden of showing he
started the fire with the “intent to damage or destroy” the school.  Because the bathroom was constructed of
ceramic tile and other non-combustible materials, appellant claims he could not
have intended to damage the school, and thus, the evidence was legally
insufficient to establish that he committed arson.  

In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n. 12 (1979); Garrett v. State, 851 S.W.2d
853, 857 (Tex. Crim. App. 1993).  We will
not overturn the verdict unless it is irrational or unsupported by proof beyond
a reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, “is the sole judge of the credibility of
witnesses and of the strength of the evidence.” 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  The jury may believe or
disbelieve any portion of the witnesses= testimony.  Sharp. v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  Therefore, if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm. 
McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  

A person commits arson, “if he starts a fire or causes an
explosion with intent to destroy or damage any building, habitation, or vehicle
. . . .”  Tex. Pen. Code Ann. ' 28.02(a)(2) (Vernon 1994).  A person acts with intent, “with respect to
the nature of his conduct or to a result of his conduct when it is his
conscious objective or desire to engage in conduct or cause the result.”  Tex.
Pen. Code Ann. ' 6.03(a) (Vernon 1994). 
While intent may not be inferred from the mere act of burning, it may be
inferred from the defendant=s acts, words, and conduct. 
Beltran v. State, 593 S.W.2d 688, 689 (Tex. Crim. App.
1980).  








Appellant argues the evidence is legally insufficient because
the school was made of non-flammable materials and the State failed to present
any other evidence from which a reasonable jury could infer that appellant
intended to damage or burn the school. 
Thus, appellant seems to suggest that intent to commit arson cannot be
shown unless the building is made of flammable materials.  

The statute requires an, “intent to destroy or damage
any building . . . .”  Tex. Pen. Code Ann. ' 28.02(a)(2) (Vernon 1994) (emphasis
added).  However, material need not be
combustible to be damaged by fire.  Romo
v. State, 593 S.W.2d 690 (Tex. Crim. App. 1980), overruled on other by
Wagner v. State, 687 S.W.2d 303 (Tex. Crim. App. 1984); Beltran, 593
S.W.2d at 689.  A fire may produce
scorching and smoke damage without igniting the surrounding materials.  Id. 
Furthermore, arson is complete whenever the defendant starts a fire with
the requisite mental state, regardless if any actual damage occurs.  Romo, 593 S.W.2d at 693.  

Here, the record demonstrates the school was actually damaged
by the fire;  the wall of the bathroom
stall was scorched and the bathroom sustained smoke damage.  Appellant committed the offense when he set
the toilet paper on fire, not when officials determined if the school was actually
combustible and whether it was damaged.  See
id.  Furthermore, the State
presented ample evidence establishing appellant=s intent.  Appellant returned from the bathroom and
moments later the fire alarms sounded. 
Appellant also told several students that he started the fire.  Finally, appellant told conflicting stories
about his involvement in the fire.  Thus,
we find the evidence is legally sufficient to prove appellant=s intent.  Accordingly, appellant=s first issue is overruled.  








In appellant=s second issue, he contends the evidence is factually
insufficient.  However, appellant failed
to preserve error.  In civil cases, to
preserve error on a complaint of factually insufficiency, a party must file a
motion for a new trial.  Tex. R. Civ. P. 324(b)(2); In re
D.T.C., 30 S.W.3d 43, 51 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  Juveniles appealing delinquency
judgments are governed by the Texas Rules of Civil Procedure unless a conflict
exist, and thus, a juvenile must file a motion for new trial to preserve error
on a factually sufficiency issue.  In
the Matter of M.R., 858 S.W.2d 365, 366 (Tex. 1993).  Because appellant failed to file a motion for
new, he failed to preserve error.  Id.  Accordingly, appellant=s second issue is overruled.  

The judgment of the trial court is overruled.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 5, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).