COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-476-CR
  
  
LESTER 
JAY HENDERSON A/K/A                                             APPELLANT
LESTER 
J. HENDERSON
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury convicted Appellant Lester Jay Henderson of the offense of arson and 
assessed punishment at twenty-six years’ confinement.  In three points, 
Henderson challenges the legal and factual sufficiency of the evidence and the 
admission into evidence of a typed, formal confession at the punishment 
phase.  We will affirm.
II. Factual 
History
        On 
the morning of October 23, 2002, multiple witnesses employed at the Meadowbrook 
United Methodist Church observed an individual, later identified as Henderson, 
standing in a church doorway. Henderson was holding two metal drip pans filled 
with gasoline.  A bucket on the ground beside him contained gasoline and 
fuel oil soaked sand, eleven aerosol cans, and a container of gasoline with a 
piece of cloth protruding from it that had been soaked in gasoline as 
well.  Upon noticing Henderson and smelling the strong odor of gasoline, 
witnesses asked him what he was doing, informed him that he did not belong 
there, and told him to leave immediately.  Henderson responded by saying 
that he was going to start a fire and that he wanted to talk to the media.  
Witnesses again urged Henderson to leave, and he once again exclaimed his intent 
to start a fire.  He then lit the metal drip pan containing gasoline by 
using a lighter, and a fire resulted.
        Witnesses 
responded to the fire by calling 911 and by evacuating numerous children located 
in the room connected to the doorway where Henderson had been standing.  
Henderson fled the church, and police subsequently apprehended him.  
Investigators later determined that the combination of items in Henderson’s 
possession constituted an incendiary device.
        Henderson 
pleaded not guilty to the charge of arson.  A jury subsequently convicted 
him, and this appeal followed.
III. Legal and 
Factual Sufficiency of the Evidence
        In 
his first and second points, Henderson challenges the legal and factual 
sufficiency of the evidence, arguing that the evidence before the jury was 
insufficient to support his conviction for arson.
        A. 
Standards of Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.  Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).
        In 
contrast, in reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party.  See Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. 
Crim. App. Apr. 21, 2004).  The only question to be answered in a factual 
sufficiency review is whether, considering the evidence in a neutral light, the 
fact finder was rationally justified in finding guilt beyond a reasonable 
doubt.  Id. at *7.  There are two ways evidence may be 
factually insufficient: (1) the evidence supporting the verdict or judgment, 
considered by itself, is too weak to support the finding of guilt beyond a 
reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt.  Id.  “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.”  Id.  
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at *4; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s. Zuniga, 2004 WL 840786, at *4.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at *7, 9.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        B. 
Evidence Is Legally And Factually Sufficient
The 
trial court’s charge to the jury instructed them as follows:
  
A person commits the offense of arson if the person starts a fire, regardless of 
whether the fire continues after ignition, or causes an explosion with intent to 
destroy or damage a building, and the property intended to be damaged or 
destroyed by the actor was a place of worship:
 
(A) 
knowing that said building is within the limits of an incorporated city or town; 
OR
 
(B) 
knowing that said building is located on property belonging to another; OR
 
(C) 
knowing that said building has located within it property belonging to another; 
OR
 
(D) 
when the person is reckless about whether the burning or explosion will endanger 
the life of some individual or the safety of the property of another.
 
 
See 
Tex. Penal Code Ann. § 28.02 
(Vernon 2003). Under the current statute, the “offense [is] complete whenever 
the actor starts a fire with the requisite culpable mental state, whether or not 
damage of any kind actually occurs.”  Romo v. State, 593 S.W.2d 
690, 693 (Tex. Crim. App. [Panel Op.] 1980), overruled on other grounds by 
Wagner v. State, S.W.2d 303, 313 (Tex. Crim. App. 1984).
        Three 
employees of the Meadowbrook United Methodist Church testified that Henderson 
was in the church and that he had in his possession two metal drip pans and a 
bucket with various items in them. The bucket contained sand moistened by 
gasoline and fuel oil, eleven aerosol cans, and a container of gasoline with a 
gasoline-soaked cloth extending out of the container.  When approached by 
two of the witnesses, Henderson twice proclaimed his intent to start a 
fire.  He then ignited the gasoline in the metal drip pan with a lighter.
        Henderson 
was aware of his surroundings and his location.  He chose to stand in a 
doorway of a church leading to a preschool classroom.  The classroom 
contained one teacher and six children at the time of the incident. Knowing 
this, he nevertheless ignited his concoction, causing a flame to arise and a 
strong odor to fill the area.  Fort Worth arson investigator E.C. Rodriguez 
testified that the combination of items, including the bucket, gas can, and 
liquid emitting a strong odor, constituted an incendiary device.
        Moreover, 
Article 28.02(d) of the Texas Penal Code states that “the offense is a felony 
of the first degree if it is shown on the trial of the offense that . . . the 
property intended to be damaged or destroyed by the actor was a habitation or a 
place of assembly or worship.” Tex. Penal Code Ann. § 
28.02(d)(2).  The trial court’s language in its charge to the jury 
mirrored this portion of the penal code.  Here, through the testimony of 
multiple witnesses, the State established that Meadowbrook United Methodist 
Church is a place of worship, and accordingly, met its burden on this element.
        Thus, 
viewing the evidence in the light most favorable to the verdict, we hold that a 
rational trier of fact could have found the essential elements of the offense 
beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S. Ct. at 
2789; Burden, 55 S.W.3d at 612. Furthermore, viewing all the evidence in 
a neutral light, favoring neither party, we also conclude that the evidence 
supporting the verdict, taken alone, is not too weak to support the finding of 
guilt beyond a reasonable doubt and that the contrary evidence is not so strong 
that guilt cannot be proven beyond a reasonable doubt.  Accordingly, we 
hold that the evidence is both legally and factually sufficient to support 
Henderson’s conviction for arson.  Zuniga, 2004 WL 840786 at *7; see 
also Loredo v. State, 130 S.W.3d 275, 280 (Tex. App.—Houston [14th Dist.] 
2004, no pet.); Graham v. State, 96 S.W.3d 658, 661-62 (Tex. 
App.—Texarkana 2003, pet. ref’d); Wheeler v. State, 35 S.W.3d 126, 
133-36 (Tex. App.—Texarkana 2000, pet. ref’d).  We overrule 
Henderson’s first and second points.
IV. 
Admissibility of Confession
        In 
his third point, Henderson alleges that the trial court erred by overruling the 
motion to suppress his second, typed confession.  The State introduced two 
written statements at the punishment phase of the trial.  Henderson hand 
wrote the first statement after having been read his rights.  Henderson 
made a second, more formal, typed statement within an hour of the first 
statement after the interrogating detective asked Henderson if he could 
elaborate on a few points in the first statement.  The detective typed the 
statement as Henderson spoke.  The detective did not give Henderson the 
warnings found in Code of Criminal Procedure article 38.22, section 2 before 
transcribing the second statement.
        Henderson 
complains that the second statement was improperly admitted because, even though 
he received Miranda warnings before he provided the first, hand-written 
statement, he did not receive them before he provided the second, typed 
statement.  Henderson argues, “A second formal statement was taken from 
the Defendant in violation of TEX. CODE CRIM. P. ART. 38.22 V.A.T.S. in that the 
detective did not give the Defendant his Miranda warnings.  The record is 
clear that the detective did not bother to read the Defendant his Miranda 
warnings in the second, formal typed statement.”  Thus, Henderson alleges 
a violation of article 38.22, section 2 of the Texas Code of Criminal 
Procedure.  See Tex. Code 
Crim. Proc. Ann. art. 38.22 § 2 (Vernon 1979).[2]
        A. 
Standard of Review
        When 
reviewing a motion to suppress, the evidence must be viewed in the light most 
favorable to the trial court’s ruling. See Villarreal v. State, 935 
S.W.2d 134, 138 (Tex. Crim. App. 1996). Voluntariness is determined by looking 
at the totality of the circumstances.  See Griffin v. State, 765 
S.W.2d 422, 427 (Tex. Crim. App. 1989).  Once a defendant moves to suppress 
a statement on the ground of involuntariness, the due process guarantee requires 
the trial court to hold a hearing on the admissibility of the statement outside 
the presence of the jury.  See Jackson v. Denno, 378 U.S. 368, 380, 
84 S. Ct. 1774, 1782-83 (1964).  At the hearing, the trial court is the 
sole judge of the weight and credibility of the evidence, and the trial court's 
finding may not be disturbed on appeal absent a clear abuse of discretion.  
See Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995).  
As such, abuse of discretion is the appropriate standard of review for 
challenges to the trial court’s admission of evidence.  See Angleton 
v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).
        B. 
Second Statement Was Admissible
        Article 
38.22, section 2(a) provides that
(a) 
the accused, prior to making the statement, either received from the magistrate 
the warning provided in Article 15.17 of this code or received from the person 
to whom the statement is made a warning that:
 
(1) 
he has the right to remain silent and not make any statement at all and that any 
statement he makes may be used against him at his trial;
 
(2) 
any statement he makes may be used as evidence against him in court;
 
(3) 
he has the right to have a lawyer present to advise him prior to and during any 
questioning;
 
(4) 
if he is unable to employ a lawyer, he has the right to have a lawyer appointed 
to advise him prior to and during any questioning; and
 
(5) 
he has the right to terminate the interview at any time;

Tex. Code Crim. Proc. Ann. art. 38.22 § 
2(a).  The State argues that Henderson’s second statement was admissible 
because his rights were read to him both at the scene of the crime and by the 
interviewing detective prior to the first statement.  Furthermore, the 
State points out that Henderson’s rights were listed at the top of the second 
statement, were initialed by him, and that “there was no constitutional 
requirement that the warnings be repeated.”
        The 
law is settled that a mere pause in police questioning does not require 
additional warnings. See Dunn v. State, 721 S.W.2d 325, 338 (Tex. 
Crim. App. 1986) (holding “rewarning is not required where the interrogation 
is only a continuation about the same offense”), abrogated on other grounds 
by Creager v. State, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997); Burruss 
v. State, 20 S.W.3d 179, 183-84 (Tex. App.—Texarkana 2000, pet. ref’d) 
(holding that pause in interrogation did not require rewarning); Franks v. 
State, 712 S.W.2d 858, 861 (Tex. App.—Houston [1st Dist.] 1986, pet. 
ref’d) (holding that, following a pause in the interrogation, new warnings 
were not required).  A rewarning may be necessary when a significant time 
lapse occurs between the initial and subsequent questioning, a different subject 
matter is discussed in a subsequent interview, and the authorities “acted so 
as to dilute the efficacy of the warning” previously given.  See 
United States v. Hopkins, 433 F.2d 1041, 1045 (5th Cir. 1970), cert. 
denied, 401 U.S. 1013 (1971).
        Here, 
the trial court held a Jackson v. Denno hearing and concluded that 
Henderson received his Miranda warnings on October 23, 2002 shortly after 
10:00 a.m. as required by article 38.22 and acknowledged receipt of those 
warnings by signing the warning sheet.  The court further found that 
Henderson then provided a hand-written statement, which he completed at 11:00 
a.m.  Less than an hour later, at 11:53 a.m., Henderson clarified his first 
statement by providing a second statement typed by Detective Bruno.  After 
giving this second statement, Henderson initialed each paragraph of the 
statement, initialed below the Miranda warnings, and signed the 
statement.  The court concluded the second statement was not inadmissible 
under article 38.22, stating:
  
I understand your concern, Mr. St. John [Henderson’s counsel], of the warning 
and then hours or days later a statement being taken, but there are two 
statements completed within an ongoing period of time, all within barely a 
two-hour time limit, and from the evidence before the Court, this is one kind of 
continued conversation, and the law doesn’t require you to read someone their 
rights every time you speak to them if it’s an ongoing interview.
   
        We 
hold that the strict requirements of article 38.22, section 2 did not require 
Henderson to be verbally rewarned prior to giving the second statement.  See 
Tex. Code Crim. Proc. Ann. art. 
38.22 § 2. The time elapsed between Henderson’s two statements is 
minimal.  Moreover, Henderson initialed each paragraph and the warnings 
found on the face of the second statement.  Henderson signed the statement 
and indicated that everything was true and correct in the statement.  
Detective Bruno interviewed Henderson before and after the pause in the 
interrogation, and the record is devoid of any evidence that he “acted so as 
to dilute the efficacy of the warning” previously given by him.  See 
Hopkins, 433 F.2d at 1045.  Henderson’s second statement was made in 
the course of an ongoing interview so verbal warnings need not have been 
repeated prior to the second statement.  See Dunn, 721 S.W.2d at 
338; Franks, 712 S.W.2d at 861.
        Viewing 
the evidence in the light most favorable to the ruling, we hold that the trial 
court did not abuse its discretion in admitting Henderson’s second 
statement.  See Villarreal, 935 S.W.2d at 138; Alvarado, 912 
S.W.2d at 211; Griffin, 765 S.W.2d at 427.  We overrule 
Henderson’s third point.
V. Conclusion
        Having 
overruled all of Henderson’s points, we affirm the trial court’s judgment.
   
  
                                                          PER 
CURIAM
   
   
PANEL 
F:   WALKER, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
October 7, 2004


NOTES
1.  
See Tex. R. App. P. 47.1.
2.  
A confession may be deemed “involuntary” under three different theories: (1) 
failure to comply with Article 38.22, (2) failure to comply with the dictates of 
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966), or (3) a 
confession in violation of due process or due course of law because it was not 
freely given.  Wolfe v. State, 917 S.W.2d 270, 282 (Tex. Crim. App. 
1996).