**Opinion filed February 9, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00243-CR

_____

## WILLIAM DAVID CRUTHIRD, III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 5784**

## M E M O R A N D U M   O P I N I O N

Appellant, William David Cruthird, III, was indicted for the offense of arson, a second-degree felony, enhanced with a prior felony conviction. *See* TEX. PENAL CODE ANN. § 28.02(a)(2)(A) (West 2019). The jury found Appellant guilty of the charged offense, found the enhancement allegation to be true, and assessed his punishment at 40 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly.

On appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## I. *Factual Background*

During the early morning hours of January 12, 2021, Appellant and his girlfriend got into an argument while they were at the residence of Kristen Logan, Appellant's girlfriend's sister. Appellant's girlfriend and son were living with Logan in Seymour, and Appellant had stayed there overnight. Following the argument, Appellant requested the keys to a maroon 2005 Chrysler Sebring; his request was refused. Appellant then went outside and began yelling and striking multiple vehicles that were parked at Logan's residence. Logan looked outside through the window to determine the cause of the disturbance and observed Appellant "dropping the gas can and lighting the car." She then saw Appellant pour gasoline on another vehicle. Logan thereafter called 9-1-1 to report the disturbance. Logan testified that she saw Appellant use a cigarette lighter to ignite the gasoline that he had poured on the vehicles, which resulted in a medium-sized flame appearing on the maroon vehicle that quickly burned out.

William Cruthird IV, Appellant's son, also observed the incident. William testified that he saw Appellant pour "something" on the vehicles that were parked outside and use a lighter to cause a "spark" that became more than a spark. William then ran outside the house to stop Appellant and heard Appellant yelling: "I'm going to light this on fire" and "I'm going to burn it."

The chief of police of the City of Seymour, John Michael Griffin, arrived shortly thereafter. Chief Griffin testified that when he arrived at Logan's residence, he observed Appellant walking around the vehicles that were parked in front of the house, and he smelled the odor of gasoline on Appellant's person. Chief Griffin's body camera footage revealed that Appellant told Chief Griffin that he was "fixin' to burn" the vehicle that Appellant's girlfriend would not let him use. Appellant also

told Chief Griffin that he had poured gasoline on that vehicle. Chief Griffin then arrested Appellant for arson.

## II. *Standard of Review*

We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial and defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Because the standard of review is the same, we treat direct and circumstantial evidence equally. *Isassi*, 330 S.W.3d at 638; *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can, without more, be sufficient to establish his guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13). A guilty verdict does not require that every fact must directly and independently prove a defendant's guilt. *Hooper*, 214 S.W.3d at 13. Instead, the cumulative force of all the incriminating circumstances may be sufficient to support the conviction. *Id.* Therefore, in evaluating the sufficiency of the evidence, we must consider the cumulative force of the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

### III. *Analysis*

In a single issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. Specifically, Appellant asserts that the evidence presented at trial does not establish that he started a fire or caused an ignition because (1) there was no evidence of a fire, (2) absent some evidence of damage to the vehicle, his conduct cannot amount to more than attempted arson, and (3) the absence of a definition for the term "ignition" results in an ambiguous statute that leads to absurd results.

A person commits the offense of arson "if the person starts a fire, regardless of whether the fire continues after ignition, or causes an explosion" with the intent to destroy or damage any vehicle and while knowing that the vehicle is located within the limits of an incorporated city or town. PENAL § 28.02(a)(2)(A). The offense of arson is complete when the actor starts a fire with the requisite culpable mental state, even if no damage flows from the prohibited act. *Romo v. State*, 593 S.W.2d 690, 693 (Tex. Crim. App. [Panel Op.] 1980), *overruled on other grounds*

4

*by Wagner v. State*, 687 S.W.2d 303, 313 n.7 (Tex. Crim. App. [Panel Op.] 1984); *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. [Panel Op.] 1980).

First, Appellant argues that there is no evidence that a fire occurred. However, both Logan and William testified that they saw Appellant start a fire. Logan saw Appellant pour gasoline onto the maroon vehicle and then use a cigarette lighter to ignite the gasoline, which resulted in a medium-sized fire. During one of her conversations with the 9-1-1 dispatcher, Logan stated that Appellant was trying to catch the vehicle on fire; she also reported that "it's [the car] already lit." In a subsequent call to 9-1-1, Logan explained that the car was not currently on fire and that she believed the cold weather had prevented the fire from burning for a longer period of time.

Similarly, William saw Appellant pour "something" on the vehicles and then use a lighter to cause a spark. When asked whether the vehicle caught on fire, William stated that "it definitely did." Further, Appellant confirmed that he poured gasoline on the vehicles and threatened to burn them. Appellant testified that the lighter sparked but that no flame ever appeared on the vehicle.

The actus reus of the offense of arson, as recited in the arson statute, is that "the person starts a fire, *regardless of whether the fire continues after ignition*." PENAL § 28.02(a) (emphasis added). Logan and William testified that they observed Appellant start a fire on the vehicle by holding a lighter to the gasoline that he had poured onto to the vehicle; however, the fire did not continue after its original ignition. While Appellant testified that only the lighter ignited, not the gasoline, the jury is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. Appellant's inconsistent testimony does not cause the jury's verdict to be lacking in sufficiency; the 9-1-1 recordings and the testimony provided by Logan and William are sufficient to support Appellant's conviction. Because the jury was free to believe

5

or disbelieve all, some, or none of the testimony presented, we may presume that the jury resolved any conflicts in the evidence in favor of the verdict. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Second, Appellant argues that the evidence is insufficient to support his conviction because, absent some evidence of damage to the vehicle, his conduct cannot amount to more than attempted arson. In this regard, Appellant contends that without some level of "burning-damage-combustion" to the vehicle, Appellant's conduct is indistinguishable from an attempt to commit arson. However, to satisfy the statutory elements of the charged offense, damage to the vehicle is not required; it is only the actor's *intent* to damage the vehicle that is of significance. As we have said, the offense of arson is complete when a person "starts a fire." *Romo*, 593 S.W.2d at 693; *Beltran*, 593 S.W.2d at 689. Starting a fire requires an ignition and nothing more. PENAL § 28.02(a) ("regardless of whether the fire continues after ignition"). As such, we decline to expand the scope of the arson statute, as Appellant suggests, to include evidence of damage to the vehicle as a required element of the offense. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) ("Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." (quoting *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991))).

Importantly, Appellant's conduct is distinguishable from an attempt to commit arson, because he ignited the gasoline. Furthermore, and although not required to support Appellant's conviction, evidence of damage to the vehicle is supported by the record. Chief Griffin testified that he observed scorch marks on the hood of the vehicle that Appellant ignited. Logan testified that there were markings on the vehicle after the incident that were not present the day before. Thus, there is sufficient evidence that a reasonable jury could have inferred and found that Appellant's conduct constituted arson, rather than attempted arson.

Finally, Appellant argues that the term "ignition," at least in the manner used to convict him in this case, is unclear or ambiguous and leads to absurd results. Appellant contends that a reasonable interpretation of the term "ignition" within the context of Section 28.02(a) requires that the object of the intended burning must have been affected in some way. Statutory interpretation is necessary when the sufficiency-of-the-evidence turns on the meaning of the statute under which the defendant has been prosecuted. *Pruett v. State*, 510 S.W.3d 925, 927 (Tex. Crim. App. 2017). Statutory interpretation is a question of law that we review de novo. *Pruett*, 510 S.W.3d at 927; *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). "We interpret a statute according to the plain meaning of its language unless the statute is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended." *Pruett*, 510 S.W.3d at 927.

Contrary to Appellant's assertion, we conclude that the term "ignition" as used in Section 28.02(a) is unambiguous. Ignition, while not statutorily defined, is not reasonably susceptible to more than one plain meaning or understanding in this context. *See Cortez*, 469 S.W.3d at 598 (statutory language was ambiguous because a key word was not statutorily defined and reasonably susceptible to more than one meaning and understanding in the context). The prohibited act under Section 28.02 is to "start a fire." The phrase "regardless of whether the fire continues after ignition" clarifies the legislature's intent that the prohibited act is complete whenever the actor starts a fire, irrespective of whether damage of any kind results therefrom. PENAL § 28.02(a); *see Romo*, 593 S.W.2d at 693. Therefore, because the statute only requires that the actor must *start a fire* and *intend* for it to either cause damage or destruction, the combination of these events forecloses the possibility of any absurd result.

Moreover, the plain meaning of "ignition" in Section 28.02(a) when read in proper context does not lead to absurd results. Thus, we may not go beyond the text

7

of the statute in our interpretation and application of it. *See Boykin*, 818 S.W.2d at 786. We hold, therefore, that the term "ignition" within the context of Section 28.02(a) means to *start a fire*; there is no requirement that the object of the fire must have been damaged. In this regard, the only relevant culpable mental state is the actor's *intent to cause damage*. It follows, then, that the evidence adduced by the State is sufficient to support Appellant's conviction under Section 28.02(a).

We have reviewed the evidence in the light most favorable to the jury's verdict and conclude that the record contains sufficient evidence from which a rational jury could have inferred and found beyond a reasonable doubt that Appellant was guilty of the offense of arson as charged in the indictment. Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


February 9, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.